UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM EDWARD SHANNON,       :
                              :
        Petitioner,           :    No. 4:CV-04-1051
                              :
    vs.                       :    Petition Filed 05/12/04
                              :
JOSEPH V. SMITH, Warden,      :    (Judge Muir)
USP-Lewisburg,                :
                              :
        Respondent            :    (Magistrate Judge Smyser)

## ORDER

August 18, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 12, 2004, William Edward Shannon, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk of Court assigned this case to us but referred it to Magistrate Judge J. Andrew Smyser for consideration.  On June 9, 2005, the Magistrate Judge issued a report recommending that Shannon's petition be dismissed.

On June 23, 2005, Shannon filed objections to the Report and Recommendation and a supporting brief.  The government filed its opposition brief on July 28, 2005.  The time allowed for Shannon to file a reply brief expired on August 15, 2005, and to this date he has filed no such brief.  Shannon's objections are ripe for disposition.

When objections are filed to a report of a magistrate judge, we make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. United States v. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.31.  Furthermore, district judges have wide discretion as to how they treat recommendations of a magistrate judge. Id.  Indeed, in providing for a *de novo* review determination rather than a *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Id.; *See also* Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Before we discuss the substantive claims in Shannon's habeas corpus petition and his objections to Magistrate Judge Smyser's Report and Recommendation, we will set forth the material procedural and factual history of this case.  Shannon was charged with rape and the case was tried in the Superior Court of the District of Columbia.  In the midst of its deliberations, the jury sent the following note to the trial judge: "During the course of our negotiations it was learned that a juror was accused of rape in the past which effects the deliberations."

After discussing the matter with counsel, the court and the parties agreed to respond to the note by instructing the jury that it was to decide the case based on the evidence presented in the courtroom and not upon any prejudice, passion, fear, sympathy or other matter outside of the evidence.  The jury subsequently found Shannon guilty.  On January 31, 1995, Shannon was sentenced to a term of imprisonment of 15 years to life.

Shannon appealed his conviction and pursued relief by other means including a motion to recall the mandate issued by the District of Columbia appellate court and two motions for post-conviction relief filed pursuant to § 23-110 of the District of Columbia Code (hereinafter "§ 23-110").  That statute is the District of Columbia's equivalent of 28 U.S.C. § 2255.

Shannon's challenges to his conviction are based on either the alleged ineffectiveness of his trial and appellate counsel or the manner in which the trial court and his counsel responded to the jury's note.  In the post-conviction proceedings he filed in the District of Columbia courts, Shannon specifically claimed that the manner in which his trial and appellate counsel responded to the jury's note violated his Sixth Amendment right to effective counsel.  He also raised the issue in the "Pro Se Motion to Recall the Mandate and Appoint New Counsel Pursuant to

D.C. App. R. 41(c)," which he filed in District of Columbia Court
of Appeals.

Magistrate Judge Smyser recommends that Shannon's petition
be dismissed without considering its substantive merits because
the claims in it may not be brought in a habeas corpus petition
filed pursuant to 28 U.S.C. § 2241.  The Magistrate Judge
considered the pivotal issue to be whether Shannon had other
adequate and effective avenues to pursue his claims.

Magistrate Judge Smyser concluded that Shannon's petition
should be dismissed because Shannon was able to litigate each of
his claims through some process other than a federal habeas
corpus petition.  In other words, Shannon is barred from pursuing
federal habeas corpus relief because Shannon has failed to
demonstrate that the other available remedies were "inadequate or
ineffective." *See* 28 U.S.C. § 2255; D.C. Code § 23-110(g);
Collier v. United States, No. 99-5120, 1999 WL 1336229 (D.C. Cir.
1999).

Shannon's objections to the Magistrate Judge's Report and
Recommendation are based strictly on the manner in which
Magistrate Judge Smyser interpreted subsection § 23-110(g).  That
subsection provides as follows:

> An application for a writ of habeas corpus in behalf of a
> prisoner who is authorized to apply for relief by motion
> pursuant to this section shall not be entertained by the
> Superior Court or by any Federal or State court if it

4

appears that the applicant has failed to make a motion for
relief under this section or that the Superior Court has
denied him relief, unless it also appears that the remedy by
motion is inadequate or ineffective to test the legality of
his detention.

D.C. Code § 23-110(g).

Magistrate Judge Smyser cites the case of <u>Collier v. United
States</u>, No. 99-5120, 1999 WL 1336229 (D.C. Cir. 1999), in support
of his conclusion that Shannon's ability to obtain relief by way
of a motion to recall the mandate of the District of Columbia's
appellate court is an adequate and effective remedy which
precludes Shannon from seeking relief in a federal habeas corpus
petition.

In his objections, Shannon argues that the Magistrate Judge
errs by interpreting § 23-110(g) too broadly.  Shannon contends
that the issue should be limited to whether or not relief is
available by way of § 23-110.  According to Shannon, if no relief
is available by way of § 23-110 then relief may be sought in a
federal habeas corpus petition.  Shannon believes that his
ability to raise the claims at issue in a motion for the District
of Columbia Court of Appeals to recall its mandate is entirely
irrelevant.

Magistrate Judge Smyser's position is supported not only by
the case of <u>Collier v. United States</u>, No. 99-5120, 1999 WL
1336229 (D.C. Cir. 1999), which he cites in his Report and

Recommendation, but also by the reasoning and holding of the
United States Supreme Court in <u>Swain v. Pressley</u>, 430 U.S. 372,
97 S. Ct. 1224 (1977).

The United States Court of Appeals for the District of
Columbia in <u>Collier</u> was considering whether counsel should be
appointed and a certificate of appealability issued in a case
where the appellant sought federal post-conviction relief in the
United States District Court for the District of Columbia.  The
court denied both motions, stating that

> [b]efore bringing his claim in district court, appellant
> properly pursued a motion to recall mandate, which is an
> appropriate collateral procedure for presenting an
> ineffective assistance of appellate counsel claim, in the
> District of Columbia Court of Appeals. *See Streater v.*
> *Jackson,* 691 F.2d 1026, 1028 (D.C. Cir.1982).  Appellant has
> not, however, demonstrated that his local remedy was
> inadequate or ineffective. *See Garris v. Lindsay,* 794 F.2d
> 722 (D.C. Cir.1986) (per curiam).  Failure to prevail in
> that court does not render his local remedies inadequate or
> ineffective. *See id.* at 727.

Collier v. United States, No. 99-5120, 1999 WL 1336229, *1 (D.C.
Cir. 1999).

At the very least, the cited portion of <u>Collier</u> indicates
that a motion to recall a mandate "is an appropriate collateral
procedure for presenting an ineffective assistance of appellate
counsel claim." Id.  We further interpret that quotation to
support Magistrate Judge Smyser's ultimate conclusion (i.e., that
the availability of a motion to recall the mandate forecloses

Shannon from pursuing federal habeas relief).  Shannon has not

provided any reason why it would be erroneous for us to rely on

the court's analysis in <u>Collier</u>.

     The Magistrate Judge's Report and Recommendation is further

supported by the United States Supreme Court's comparison of

§ 23-110(g) with § 2255 in <u>Swain v. Pressley</u>, 430 U.S. 372, 97 S.

Ct. 1224 (1977).  In <u>Swain</u> the petitioner had been convicted in

the Superior Court of the District of Columbia.  He subsequently

sought review of his conviction in a federal habeas corpus

petition.  The issue presented to the United States Supreme Court

was "whether § 23-110(g) of the District of Columbia Code

prevents the District Court from entertaining the application."

Id.  The United States Supreme Court held that the petitioner was

not able to pursue his claims in a federal habeas corpus

petition, stating that

> the statute expressly covers the situation in which the
> applicant has exhausted his local remedies, and requires
> that the application be denied in such a case.  The statute
> provides that the application 'shall not be entertained ...
> by any Federal ... court if it appears that ... the Superior
> Court has denied (the applicant) relief.'

Swain v. Pressly, 430 U.S. 372, 377, 97 S. Ct. 1224, 1228 (1977).

The court described that text as an "unequivocal statutory

command to federal courts not to entertain an application for

writ of habeas corpus after the applicant has been denied

collateral relief in the [District of Columbia] Superior Court."

7

Id.; *see also* Garris v. Lindsay, 794 F.2d 722 (D.C. Cir. 1986)(holding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'")

It is undisputed that Shannon presented the ineffective assistance of counsel claim relating to the jury's note to the District of Columbia Court of Appeals in his motion for that court to recall its mandate which it declined to do.  It is also clear that all of Shannon's remaining claims could have been presented to the District of Columbia Courts by way of a motion filed pursuant to § 23-110.  Consequently, the Magistrate Judge properly concluded that none of Shannon's claims may be heard by way of a federal habeas corpus petition.

Shannon's objections to Magistrate Judge Smyser's Report and recommendation are without merit.  We will overrule the objections, adopt the Report and Recommendation as our own, and dismiss Shannon's petition.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   Shannon's objections to Magistrate Judge Smyser's Report and Recommendation (Document 34) are overruled.

2.   Magistrate Judge Smyser's Report and Recommendation
     (Document 34) filed on June 9, 2005, is adopted *in
     toto*.

3.   Shannon's § 2241 petition (Document 1) is dismissed.

4.   The Clerk of Court shall close this case.


                              s/Malcolm Muir
                              MUIR, U. S. District Judge


MM:ga